UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
CIVIL MINUTES -- GENERAL

JS - 6

Case No.    ED CV 09-00699-SGL(JCx)                                      Date:  April 30, 2009

Title:    YOUNG H. KIM -v- SHERMAN HUMPRY, ET AL
========================================================================
PRESENT:    HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

    Cindy Sasse                                                             None Present
    Courtroom Deputy Clerk                                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:              ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                                               None present

PROCEEDINGS:      ORDER SUMMARILY REMANDING MATTER TO STATE COURT

    Plaintiff filed an unlawful detainer action on March 11, 2009 in state court.  Plaintiff sought less that $10,000 in damages and claims no federal causes of action.

    Defendants removed this action on April 15, 2009, alleging both a federal question and diversity of citizenship jurisdiction on the face of the plaintiff's complaint.  Nowhere in the complaint, however, has plaintiff identified a basis upon which the Court has jurisdiction to hear these claims, be it diversity jurisdiction pursuant to 28 U.S.C. § 1332, or federal question jurisdiction pursuant to 28 U.S.C. § 1331.  The Court's diversity jurisdiction requires plaintiff to seek an amount in controversy in excess of $75,000.  2 James Wm. Moore, Moore's Federal Practice § 8.03[5][a] at 8-15 (3rd ed. 2008). In plaintiff's complaint however, he seeks less than $10,000 in damages.  Therefore, this Court cannot have diversity of citizenship jurisdiction over this claim.  Similarly, to invoke the Court's federal question jurisdiction, plaintiff must assert a claim arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  Again, plaintiff's complaint makes no mention of any federal statute, treaty or section of the Constitution.  Therefore, this Court does not have federal question subject matter jurisdiction to hear the claim.

    For the foregoing reasons, this Court hereby **SUMMARILY REMANDS** this matter to state court for **LACK OF SUBJECT MATTER JURISDICTION**.

    **IT IS SO ORDERED.**